UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                              MEMORANDUM AND ORDER
                                Criminal No. 15-cr-113 (MJD)

Daniel Dean Alley,

        Defendant.

Katherine T. Buzicky, Assistant United States Attorney, Attorney for Plaintiff.

Daniel Dean Alley, Pro Se.

## I.    INTRODUCTION

The matter before the Court is Defendant Daniel Dean Alley's pro se Motion to Vacate Under 28 U.S.C. § 2255(f)(3). (Doc. 198.) The Government filed a Response (Doc. 201) and Defendant filed a Reply (Doc. 202). Defendant argues that United States v. Taylor, 142 S. Ct. 2015 (2022) reclassifies Defendant's offense of conviction as not a "crime of violence" and, if applied retroactively, invalidates Defendant's conviction and sentence. (Doc. 198 at 2.)

## II.    FACTS

On September 8, 2015, Defendant pleaded guilty to Counts One and Two of the Indictment. Count One charged Defendant and his co-defendant with

1

armed robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2. (Doc. 76 at 1.) Count Two charged Defendant with brandishing a firearm in connection with a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (Id.) Defendant pleaded to the following facts: In November 2014, Defendant and a codefendant entered a bank in Coon Rapids, Minnesota. (Id. at 1-2.) Defendant "brandished a .45 caliber 1911 type semi-automatic pistol" and pointed "the firearm at the victim tellers." (Id. at 2.) Defendant "demanded cash from the victim tellers, and . . . . forced the tellers at gunpoint to retrieve money from the safe." (Id.) The tellers "provided the defendant and his co-defendant . . . with approximately $47,000." (Id.)

On September 26, 2016, Defendant was sentenced to 80 months imprisonment on Count 1 and 84 months imprisonment on Count 2, to be served consecutively. (Doc. 164 at 2.)[1] Defendant did not appeal his sentence.

### III.  DISCUSSION

#### A.  Defendant Completed a Bank Robbery

Defendant argues that precedent established in the recent Supreme Court decision in United States v. Taylor, 142 S. Ct. 2015 (2022), provides grounds upon

---

[1] On October 6, 2016, the Court issued an amended sentencing judgment amending the assessment Defendant owed. (Doc. 174.)

which the Court should vacate his conviction and sentence for violating Counts One and Two of the Indictment.

In <u>Taylor</u>, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of 18 U.S.C. § 924(c) because no element of the attempted robbery offense requires that the defendant use, attempt to use, or threaten to use force. 142 S. Ct. at 2021.

Defendant argues that under § 2255(f), he is entitled to relief because he asserts a new right announced in <u>Taylor</u>, his petition is timely under § 2255(f)(3), and his crimes are analogous to attempted Hobbs Act robbery.

Defendant's arguments fail because the offenses Defendant pleaded to are not analogous to attempted Hobbs Act robbery. Defendant pleaded guilty to completed armed robbery, which is categorically a crime of violence. <u>Allen v. United States</u>, 836 F.3d 894, 895 (8th Cir. 2016).

**B.     Defendant Misinterprets the Terms "Aid and Abet"**

Counts 1 and 2 of the Indictment state that Defendant and his co-defendant, "aiding and abetting each other and aided and abetted by each other," committed acts that constituted bank robbery and carrying and brandishing a firearm during and in relation to a crime of violence. (Doc. 19 at 1-

3

2.) Defendant asserts that "the government does not have to prove use, attempted use, or threatened use of force beyond a reasonable doubt to achieve a conviction for aiding and abetting," and therefore <u>Taylor's</u> logic also applies on this basis. (Doc. 198 at 4.) Defendant apparently equates "aiding and abetting" with "attempting" or some culpability that is less than completed robbery.

Defendant's references to "aiding and abetting" do not change the Court's <u>Taylor</u> analysis because "aiding and abetting" language was not at issue in <u>Taylor</u>. Furthermore, the Indictment was clear that Defendant and his co-defendant were equally culpable in the bank robbery and using, carrying, and brandishing a firearm during and in relation to a crime of violence. More important, Defendant pleaded guilty to those crimes and to the underlying facts supporting his convictions for those crimes. (Doc. 76 ¶¶ 2(a)-(b).) Even if Defendant had been charged with aiding and abetting, he would still have been aiding and abetting a crime of violence that would not be subject to the relief announced in <u>Taylor</u>. "[O]ne who aids and abets a crime of violence necessarily commits a crime that has an element the use, attempted use, or threatened use of physical force against another." <u>Alvarado-Linares v. United States</u>, 44 F.4th 1334, 1348 (11th Cir. 2022) (denying <u>Taylor</u> relief for aiding and abetting convictions).

### C. The Statute of Limitations has Run on Non-<u>Taylor</u>-based Claims

Defendant was sentenced on October 6, 2016 and did not appeal his sentence. (Doc. 174.) Defendant's conviction thus became final upon the expiration of the period for filing a timely notice of appeal, which was 14 days after entry of judgment, excluding weekends and holidays, or October 26, 2016. <u>See</u> Fed. R. App. P. 4(b)(1)(A). Defendant had one year from that date to file a § 2255 petition. 28 U.S.C. § 2255(f)(1). This petition was filed on July 11, 2022, almost five years after expiration of the statute of limitations. Thus, this motion is barred to the extent it advances arguments not based on <u>Taylor</u>. <u>Campa-Fabela v. United States</u>, 339 F.3d 993, 993-94 (8th Cir. 2003). Despite this, Defendant's arguments have all been addressed.

## IV.  ORDER

Based upon all files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

Defendant Daniel Dean Alley's pro se Motion to Vacate Under 28 U.S.C. § 2255(f)(3) **(Doc. 198)** is **DENIED WITH PREJUDICE**.

Dated: January 5, 2023          s/Michael J. Davis
                                Michael J. Davis
                                United States District Court