UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               **MEMORANDUM OPINION**
                                                       **AND ORDER**
                                                Crim. No. 15-113 (1) (MJD)

DANIEL DEAN ALLEY,

    Defendant.
_____

Katharine Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Daniel Dean Alley, Defendant, pro se.
_____

    Before the Court is Defendant Daniel Dean Alley's Pro Se Motion for Reconsideration of the Court's June 11, 2024 Order denying his Motion for a Sentence Reduction pursuant to Amendment 821 to the Sentencing Guidelines and Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 230.)

    As a threshold matter, a party must not file a motion to reconsider unless he has obtained the Court's permission based on a showing of "compelling circumstances." D. Minn. L.R. 7.1(j). Defendant has neither requested nor received permission from the Court to file the instant motion. However, the Court will liberally construe his pro se filing as a request for permission to file a

1

motion to reconsider and will consider the motion to reconsider accordingly. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that pro se pleadings, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers"); In re Cook, 928 F.2d 262, 263 (8th Cir. 1991).

Motions to reconsider serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted). "Granting permission to file a motion to reconsider is appropriate when necessary to afford a party an opportunity for relief in extraordinary circumstances." United States v. Wuori, No. CR 12-26(3) (JRT), 2024 WL 692729, at *1 (D. Minn. Feb. 20, 2024) (quoting Shukh v. Seagate Tech., LLC, No. 10-404, 2011 WL 2880726, at *1 (D. Minn. July 18, 2011) (quotation omitted) (cleaned up).)

For the reasons already explained by this Court, Defendant's Motion for a Sentence Reduction pursuant to Amendment 821 to the Sentencing Guidelines and Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) is denied. (Doc. 228.) Defendant's motion fails to assert manifest errors of law or to present newly discovered evidence that warrants granting him permission to file his motion to reconsider. Likewise, Defendant has not demonstrated the need for an

evidentiary hearing.  In summary, the Court finds that Defendant fails to show compelling circumstances that would warrant reconsideration of the Court's June 11, 2024 Order.  Accordingly, Defendant's Motion for Reconsideration is denied.

Based upon all files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration **[Doc. 230]** is **DENIED.**

Dated:  September 16, 2024                         s/Michael J. Davis
                                                                       Michael J. Davis
                                                                       United States District Court