UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

   Plaintiff,

v.            **MEMORANDUM OF LAW
             AND ORDER**

Daniel Dean Alley,       Criminal No. 15-cr-113 (MJD)

   Defendant.

Erin M. Secord, Assistant United States Attorney, Attorney for Plaintiff.

Daniel Dean Alley, pro se.

## I. INTRODUCTION

The matter before the Court is Defendant Daniel Dean Alley's pro se Motion to Request Temporary Suspension of Scheduled Restitution Payments. (Doc. 243.) The Government has responded. (Doc. 246.)

## II. BACKGROUND

On September 8, 2015, Alley pleaded guilty to armed robbery and brandishing a firearm in connection with a crime of violence for robbing a bank. (Doc. 76 at 1.) On September 26, 2016, this Court sentenced Alley. As part of his sentence, Alley was required to pay $47,600.00 in restitution and a $100.00 special assessment. (Id. at 5.) On October 6, 2016, an amended judgment was entered

1

requiring Alley to pay $47,100.00 in joint and several restitution, $500.00 in individual restitution, and a $200.00 special assessment.  (Doc. 174 at 5-6.)

The Court ordered that while imprisoned, Alley make quarterly payments of at least $25 if he is not working UNICOR, or a minimum of 50% of monthly earnings if working UNICOR.  (Id. at 6.)  The Court also recommended that Alley participate in the Inmate Financial Responsibility Program ("IFRP").  (Id.)

On February 27, 2017, funds recovered by the FBI were turned over and credited towards Alley's restitution balance.  This resulted in a credited payment of $22,955.00.  (Dill Decl. ¶ 4.)  Therefore, as of September 18, 2025, the remaining balance on Alley's restitution obligation was $23,855.00.  (Id. ¶ 6.)  Alley is currently incarcerated at McKean FCI in Lewis Run, Pennsylvania and has a projected release date in June 2027.  https://www.bop.gov/inmateloc// (last visited Nov. 6, 2025).

### III.   DISCUSSION

#### A.   The Court Lacks Jurisdiction to Decide Alley's Motion

In this motion, Alley request suspension of his restitution payments for the final 6-12 months of his incarceration before he is released to a halfway house so he can save money for necessities he will need in the halfway house (i.e., shoes, a

bicycle, bus cards, etc.).  The Court finds that because Alley challenges the amount or timing of his IFRP payments, he is challenging the execution of his sentence under 28 U.S.C. § 2241.  See Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002).  Challenges under § 2241 must be brought in the District in which Alley is incarcerated.  United States v. Chacon-Vega, 262 F. App'x 730, 731 (8th Cir. 2008).  Alley is currently incarcerated in McKean FCI, located in the Western District of Pennsylvania.  Thus, this Court does not have jurisdiction to decide his § 2241 motion.  Id.; see also United States v. Townsend, No. Crim. 08-06 (MJD/AJB), 2015 WL 2352821, at *2 (D. Minn. May 15, 2015) (dismissing defendant's IFRP challenge as a petition under § 2241 that had to be brought in the district in which defendant was incarcerated); United States v. Smith, No. CR 5-282 (MJD/JJG), 2016 WL 2858788, at *2 (D. Minn. May 16, 2016) (same).

Additionally, it does not appear that Alley has exhausted his administrative remedies with regard to the BOP's application of the IFRP.  See, e.g., United States v. Rumney, 86 F.3d 1147 (1st Cir. 1996) (unpublished table decision) ("To the extent that appellant is complaining about the Bureau of Prisons' authority to collect the fine, its method of collection, or his ability to pay it through the . . . IFRP, appellant must first exhaust administrative remedies

3

before complaining to a court in the appropriate district.") (citations omitted). Alley proffers no evidence that he attempted to pursue administrative remedies. Therefore, his motion must also be denied on this basis. See United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000).

### B.     The Seized Funds have Already Been Credited

Alley asks the Court to verify that funds recovered by the FBI were credited toward his restitution balance. (Doc. 243 at 3-4.) The Government has credited these monies toward Alley's restitution balance. Thus, Alley has received the relief he seeks, though he opines that the amount credited should be $21,870.00 and the amount actually credited was $22,955.00. (Dill Decl. ¶¶ 4-6.)

## IV.    ORDER

Based upon all files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant Daniel Dean Alley's pro se Motion to Request Temporary Suspension of Scheduled Restitution Payments **[Doc. 243]** is **DENIED.**

2. This action is **DISMISSED without prejudice** for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 7, 2025                    s/Michael J. Davis
                                            Michael J. Davis
                                            United States District Court

4